IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**Bert D. Ramsey,**

        Plaintiff,

v.

**The United States,**

        Defendant.

---

**COMPLAINT FOR DAMAGES UNDER
THE FEDERAL TORT CLAIMS ACT**

---

Bert D. Ramsey, Plaintiff, comes now before this Court and complains of the United States Government as follows:

I.  <u>Jurisdiction, Venue and Conditions Precedent</u>

1. The Plaintiff resides at 636 ½ Ian Court, Grand Junction, Colorado, thus is a resident of the District of Colorado, and has been at all times relative to this Complaint.

2. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et. seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and willful acts and omissions of employees of the United States Government while acting in the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to

1

the Plaintiff in accordance with the laws of the State of Colorado.

3. Venue is proper in that all of the acts and omissions forming the basis of this claim occurred in the District of Colorado and arose from injuries resulting in neurologic losses, pain and suffering consequent to medical malpractice arising from substandard and negligent care received by the Plaintiff from employees of the Defendant at the Department of Veterans Affairs Medical Center, Grand Junction, Colorado ("VAMC").

4. The Plaintiff has fully complied with the administrative exhaustion provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed in that the Plaintiff timely served notice of his claim on the U.S. Department of Veterans Affairs ("DVA") which was received by the appropriate office of that agency on March 31, 2010. No decision has ever been rendered by the DVA or any other agency of the Defendant.

## II. Events Forming the Basis of the Claim

1. The Plaintiff, a 100% disabled, wounded Marine Corps veteran of the Vietnam War, fell off a ladder and injured his neck on August 5, 2008.

2. On August 6, 2008, the Plaintiff presented to the VAMC complaining that his "neck hurts" with tingling in his hands.

3. A physician at the VAMC incorrectly noted, on August 6, 2008, that the "Cervical CT done after the fall was completely normal and w/o fracture ..." The Expert Independent Medical Evaluation (IME) done on January 21, 2010, states that both the August 6th Cervical CT and the subsequent x-ray plain films done on October 16, 2008 "were actually positive and documented

multilevel spondylosis and moderately advanced degenerative multilevel degenerative disc disease and facet arthropathy."

4. The erroneous clinical diagnosis on August 6th resulted in the Plaintiff receiving care primarily from nurses and a physician assistant between August 6 and October 10, 2008, during which time the Plaintiff complained of pain at the base of his neck, "funny sensations" in his arms, numbness in his finger tips, the sensation of a "pinched nerve" and issues with walking and equilibrium. During this time, the Plaintiff was treated only with increasing amounts of naproxen without effective results. The Plaintiff asked at this time if "he needs to be referred to ortho" and requested an MRI. Rather than any referrals for medical treatment consistent with the Plaintiff's age and neurological complaints, the Defendant's physician, who had previously made the erroneous clinical diagnosis, recommended a physical therapy consultation.

5. As the result of being treated primarily by the Defendant's nursing staff which was unsupervised and inadequately trained to order Neurosurgical-Neuroradiology procedures, the Plaintiff, despite worsening neurologic problems, did not have a commonly available important diagnostic test, an MRI, until October 20, 2008 or ten weeks after his fall and injury.

6. The October 20th MRI documented abnormalities consistent with the Plaintiff's acute neurological findings. The emergent findings on the MRI were not flagged nor was the Defendant's clinical staff notified of the findings with the result that no referral to Neurosurgery was made by the Defendant.

7. As a consequence of the Defendant's failure, including a timely referral to an appropriate specialist or specialists, to provide the treatment required by the worsening severity of the Plaintiff's

neurological condition, the Plaintiff presented, on his own initiative, to Alan Villavincencio, M.D., Boulder Neurology, Prof. LLC, Boulder, Colorado, on October 24, 2008.  Dr. Villavincencio performed emergency surgery (cervical discetomy (C5/6 and C6/7) and fusion C5-7) on the same day the Plaintiff presented to him.  Dr. Villavincencio later opined that "the surgery was to prevent the progression of symptoms and that he [the Plaintiff] may never fully regain neurologic normalcy" which the Plaintiff, in fact, has not as his neurologic symptoms continue to worsen.

### III.  The Claim

1. The Plaintiff incorporates by reference herein all allegations set forth above.

2. The standard of care at the Defendant's VAMC located in Grand Junction , Colorado, was poor with poor judgment, carelessness and negligence.  It was not consistent with the standard of quality medical care due to:  (1) Poor judgment, treatment and follow-up by the Defendant's nursing staff; (2) Poor clinical care treatment cadence rates; (3) Poor availability of neuro-surgical specialty at the Defendant's VAMC; (4) Poor quality of the staff at the VAMC; (5) Error in the analysis of the August 6th x-ray finding; and (6) Error in timing, processing and transmitting radiologic information.

### IV.  Damages

1. The Plaintiff has suffered the following injuries for which he seeks full compensation under the law:

    a. Damages due to medical malpractice resulting in pain and suffering, emotional distress, impairment of the quality of life, etc..

    b. Claim for future medical, respite and other care costs.

    c.  Damages due to permanent impairments.

## V. Prayer for Relief

WHEREFORE, the Plaintiff is entitled to damages from the United States, and he does hereby pray that judgment be entered in his favor and against the United States government as follows:

1. Damages due to medical malpractice resulting in pain and suffering, emotional distress, impairment suffering, emotional distress, impairment of quality of life, etc., in the amount of $936,030.00; plus

2. Claim for future medical, respite and other care costs in the amount of $1,475,351.00; plus

3. Damages for permanent impairments in the amount of $1,500,000.00; all in the total amount of $3,911,381.00.

The Plaintiff is, further, entitled to and does hereby seek recovery of all costs and attorneys fees (in accordance with 28 U.S.C. §2678) incurred by him in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate and proper.

Dated:  November 8. 2010 

Respectfully submitted,

s/William J. La Croix
William J. La Croix
Attorney for the Plaintiff

Mailing Address:
La Croix & Hand, P.C.
Post Office Box 18749
Denver, CO 80218

Physical Address:
La Croix & Hand, P.C.
725 Rood Avenue
Grand Junction, CO 80501

Telephone: (303) 449-5297
Telecopier: (303) 484-7404
Email:  williamlacroix@earthlink.net